# Dyer's Appeal.

One who has brought suit in the Court of Common Pleas against the administrator of a decedent, in which, after pleas in bar filed, verdict and judgment have passed against him, cannot afterwards enforce payment of his claim in the Orphans' Court against the estate of the decedent. The Court of Common Pleas and Orphans' Court being courts of concurrent jurisdiction, he is estopped by the judgment from asserting a right to participate in the distribution of the fund before the auditor.

APPEAL from the Orphans' Court of *Bucks County.*

Opinion by

STRONG, J.—What may have been the domicil of the decedent at the time of his death has no material bearing upon the present controversy. We have before us an administrator duly commissioned in this State, who has filed his account exhibiting a balance of unadministered assets in his hands, and we have claimants upon that fund. Of these claimants the appellee is

one. He holds two promissory notes of the decedent, the principal and interest of which have been awarded to him by the Orphans' Court, notwithstanding he had previously brought suit upon the notes, against the administrator of the decedent, in the Court of Common Pleas of the same county, in which, after pleas in bar, there had been a verdict and judgment against him. It certainly looks anomalous that a party who has brought a suit in a court of law against a personal representative of a decedent, and who has had a judgment rendered against him after pleas in bar, should be permitted to treat that judgment as a nullity, and in the Orphans' Court enforce payment of his condemned claim. It seems to have been the opinion of the Orphans' Court that the judgment rendered against the appellee in the suit at law was not a bar to his claim, because the parties to the suit were not the same as those who are now claiming the fund. This position, we think, is not well founded. The parties in the Common Pleas and in the Orphans' Court were the same. The suit at law was brought by Aaron Dyer, the appellee, against William Kitchen, the administrator, &c., of Felix Dyer, deceased, and the same administrator is the present accountant. By the administrator, every claimant upon the fund now for distribution, whether creditor or heir, was represented in the action at law, and was therefore a party. It is not denied that the creditors of the decedent were. Had Aaron Dyer succeeded in his suit at law, no one would contend that any creditor could have resisted his right to participate in the distribution. In the absence of fraud, which is not to be presumed, the judgment would have been conclusive upon all the creditors of the decedent, because they were privies to it by representation.

It is insisted, however, that the heirs of the decedent cannot be regarded as having been parties to the action at law, and therefore that no judgment therein would conclude them; hence it is deduced that the appellee is not barred by a judgment against him. This is also an error. The heirs were represented by the administrator. Had judgment been recovered against him, it would have been conclusive upon the heirs in any distribution of the personal estate of the decedent. This is the common law rule, and we have no statute which varies it. So it is decided in *Walthaur's Heirs* v. *Gossar*, 8 Casey, 259. It is only when a creditor seeks to charge the lands of the decedent, that he is obliged to call in the heirs, in any other way than through the personal representative. The 34th section of the act of 24th February, 1834, did not attempt to make any change in the law previously existing, except when the creditor seeks to levy or claim payment of his judgment out of the lands of a decedent, in the hands of the heirs

or devisees. Then the widow and heirs or devisees, and the guardian of such as are minors must be made parties, or they are not concluded so far as respects the real estate, though they are as to the personalty. In *Murphy's Appeal,* 8 W. & S. 155, and in some other cases, it was held that when the widow and heirs or devisees are not made parties to the original suit against the personal representative, they may be warned afterwards by *scire facias* on the judgment, and may then disprove the debt. But all that can be tried on the *scire facias,* is whether the debt claimed shall be paid out of the lands described or devised, and if so, how much shall be thus paid. A verdict with judgment in favor of the heirs on the trial of the *scire facias,* would not estop the creditor from claiming payment of his judgment, out of any personal estate of the decedent. *Walthaur* v. *Gossar, supra.* The heirs are, therefore, parties by representation, and the estoppel of the judgment is mutual. Whether the lands of the decedent are liable to pay the judgment is a collateral question.

It does not appear affirmatively in this case whether the fund for distribution is a part of the personal or real estate of the decedent, though presumptively it is personalty. Indeed, if it be not, the appellee can have no claim upon it, for he brought no suit against the heirs at all, and more than eight years have gone since the death of Felix Dyer, his alleged debtor.

It is further urged in support of the decree of the Orphans' Court, that the Orphans' Court has exclusive jurisdiction of the claims of auditors against the estate of a decedent, and hence it is inferred that the suit at law was *coram non judice.* Here again the premises are untenable. The jurisdiction of the Common Pleas and Orphans' Court is concurrent. This was directly ruled in *Sergeant's Exr.* v. *Ewing,* 12 Casey, 75. Being courts of concurrent jurisdiction, the judgment of the one upon the claim of the appellee was conclusive in the other. We think, therefore, the Orphans' Court erred in holding that Aaron Dyer was not estopped by the judgment against him, from asserting a right to participate in the distribution of the fund in the accountant's hands.

> Decree of the Orphans' Court reversed, and the distribution reported by the auditor confirmed at the costs of the appellee.