## In the Orphans' Court of Philadelphia.

## ESTATE OF JOHN GRIGG, DEC'D.

1. The principle sum of $120,000 is not too large an amount to be withheld from distribution upon the audit of an administrator's account for the purpose of meeting an annual payment of $6,000.

2. The jurisdiction of the Orphans' Court over claims made against a solvent estate, by creditors of the decedent, is not exclusive, but concurrent with that of the courts of the common law; and where a creditor has elected to sue in another tribunal, and refuses to present his claim against the fund for distribution in the Orphans' Court, the latter will, notwithstanding a legatee's demand for present distribution, direct enough of the fund to be retained by the administrator, to meet the exigency of the creditor's suit in another Court.

**Exceptions to Auditor's Reports.**

Opinion delivered February 6th, 1875, by

DWIGHT, J. Pursuant to a decree of this court confirming a former report of the auditor, the administratrix has retained a fund of $120,000 to meet the annual interest of a bond given by the decedent to a daughter, by which he bound himself, his heirs, etc., to pay to her or her order during her life, $6,000, in monthly payments of $500.

The accumulations of this fund now amount to $20,931.85. In view of this fact, the exceptant asks that the principal be reduced to $105,000.

We do not think it necessary to determine whether the confirmation of the report of March 3, 1865, is *res adjudicata*. We are agreed that the margin then allowed is not excessive, in view of the continual urgency of the demand of the bond on the estate.

The present reports are upon the fourth and fifth accounts of the administratrix. They show a balance, including the accumulations noted, of $79,457.21.

With respect to this balance, the auditor reports that it should be retained by the accountant to meet possible recovery on another bond given by the decedent to the obligee for $50,000, the interest on which has been running for eight years. The obligee instituted suit in the Circuit Court of the United States to October Sessions, 1873, No. 60, and did not appear as a creditor claiming before the auditor. The exceptant therefore asks that this balance be distributed.

In Sergeant's Executors v. Ewing, 6 Casey, 75, it is said: "It is not doubted but, that, if the plaintiff had submitted his claim to the adjudication of the auditor, and it had been passed on by him, and his report confirmed by the Orphans' Court, it would have been conclusive on him. Kittera's Appeal, 5 Harris, 422; and he would have been estopped from contesting in the future what has been passed upon under this proceeding. But he had a full right to move as far as he did, for either of two purposes, or both, namely, to ascertain, by compelling a settlement of the executor's accounts, the precise amount of the personal estate, so as to govern his action in regard to proceeding to bind the realty; or, for the purpose of having his claim finally ascertained and adjusted by this tribunal, so as to claim a share in the distribution consequent on the settlement. Either purpose was legitimate, and there surely is no rule of law that will hold him bound by an adjudication to which he was a stranger in fact, and wherein the subject matter of his claim was never passed upon. There must either be evidence showing adjudication or law that the party was bound to submit his claim to the tribunal, in default of which he would be as fully bound as if he had submitted."

It is true that this was said in reference to a plea in the court below, that the exclusive jurisdiction of the Orphans' Court was a bar to the suit. But in Swain v. Ettling, 8 Casey, 486, which, in the court below, was a suit on certain promissory notes against the executors of a decedent, by one who had appeared by attorney before the auditor of their accounts filed in the Orphans' Court, it is said: "Since the trial of the cause and the preparation of the argument of the plaintiffs in error, the case of Sergeant's Executors v. Ewing, reported in 6 Casey, 75, has been decided, which disposes of both objections, upon the simple ground that the jurisdiction of the Orphans' Court is concurrent and not exclusive; and that the creditor has a right to select the forum in which his case shall be tried. In this case it is clear that the plaintiff elected to pursue her remedy in a common law court, a right which was secured to her by statutory enactment.

That the jurisdiction of the Orphans' Court is concurrent and not

exclusive, is also decided in Dyer's Appeal, 3 Gr. 326, and in McLean's Executors v. Wade, 3 P. F. S. 149.

In Dundas' Appeal, 23 P. F. S. 479, it is said : "The decision of the Orphans' Court in this case was against its own jurisdiction, and in this there was error." It was said by Black, C. J., in Whiteside v. Whiteside, 8 Harris, 473, "if there be anything besides death, which is not to be doubted, it is, that the Orphans' Court alone has authority to ascertain the amount of decedent's property, and order its distribution among those entitled to it. The exclusiveness of this jurisdiction is sustained by numerous modern decisions, to a few of which I may refer : Shollenberger's Appeal, 9 Harris, 341 ; Ashford v. Ewing, 1 Casey, 213; Black's Executor v. Black's Executor, 10 Casey, 354 ; Musselman's Appeal, 15 P. F. Smith, 480."

In the case last cited, a question suggested whether a purchaser of real estate from the executor of a testator, who had directed his land to be sold, without naming any one to execute the power, could be made amenable to the jurisdiction of the Orphans' Court, was decided in favor of that jurisdiction ; and it was supported by analogies, one of which is, that "the Orphans' Court may also bring in creditors, in cases of distribution of assets.; Kittera's. Estate, 5 Harris, 416; Bull's Appeal, 12 Harris, 286.    *    *    *    Provision is fully made for the exercise of its jurisdiction by the Orphans' Court, in the 57th section of the Act of the 29th of March, 1832, to wit, "by awarding a citation on the petition of any one interested."

Since the Orphans' Court may also bring in creditors in cases of distribution of assets, it would seem to be law that the party is bound to submit his claim to that tribunal, in default of which he would be as fully bound as if he had submitted, unless the statement cited from Musselman's Appeal is applicable only to cases of distributions of assets not sufficient to pay all the debts of a decedent. For a power to bring in implies that a duty to come in has been neglected. This duty is clear in the case of an estate whose assets are less than its debts, and the neglect of it is followed by a forfeiture of the right to be paid out of the fund. So is it in the case of an estate, the personalty of which cannot satisfy all the debts, but the realty of which is able to supply the deficiency. This was the condition of affairs in Sergeant's Executors v. Ewing, supra, and it was there said that the creditor neglecting or refusing to make his claim for debts due him, is not "entitled to receive any dividends of such remaining assets, that is, of the assets for distribution according to the provisions of the act. He cannot claim a share of them. But he is not barred from recovering a judgment, and looking to the real estate of the testator or intestate for satisfaction." To these instances it is probable that the Supreme Court refer in deciding that the jurisdiction

of the Orphans'. Court over the fund is exclusive, for the reason that the creditor cannot share in it except by coming into the conrt and proving his claim.     But does this hold true, when the personal estate can pay all the debts without resorting to the realty, which is the status of Mr. Grigg's estate?   For us to hold that our jurisdiction is exclusive in this case also, is to decide that the common law courts have no jurisdiction, a question which they have a right to decide for themselves.   Such a course on our part would involve a grave invasion of their prerogative, and would subject executors and administrators to the vicissitudes which a conflict of jurisdictions would develop.   It is alike therefore demanded by decorum and the interests of estates that we should keep well within our jurisdiction, and not, by asserting, possibly exceed it.

The decedent's estate would now be indebted to the obligee in the sum of $74,000, if the suit which he has brought should result in his favor.   The margin between this sum and the balance on hand is not too large, in our judgment, to ensure due protection to the administratrix.

We therefore decide to dismiss the exceptions and to confirm the auditor's report.