## Cutler's Estate.

*Orphans' court—Jurisdiction—Title to personal property—Gift—Mental capacity—Issue—Trial by jury.*

1. Where a daughter receives certain securities belonging to her father, and receipts for them as his agent, and after her father's death omits from the inventory filed by her as sole executrix, certain of such securities on the ground that they had been given to her by her father, and at the audit exhibits deeds of gift for the securities, the orphans' court has no jurisdiction to take testimony and finally determine whether such deeds were invalid because of the mental incapacity of the grantor at the time they were executed. In such a case it is the duty of the court without the request of either party to direct an issue for trial in the common pleas as provided by the Act of March 29, 1832, P. L. 190. There is no duty upon the executrix to ask for an issue.

2. The orphans' court is a court of limited jurisdiction exercising only such power as is given it by statute, expressly or by necessary implication. There is no authority conferred upon the orphans' court by the Act of June 16, 1836, P. L. 784, to take testimony and determine in limine whether personal property claimed by an executrix as her own, was or was not the property of the testator. The executrix is entitled to stand upon her constitutional privilege of having the question of her title to the property passed upon by a jury.

Argued March 1, 1909. Appeal, No. 156, Jan. T., 1908, by Jennie M. Stroup, from decree of O. C. Berks Co., Nov. T., 1907, No. 11, dismissing exceptions to adjudication in Estate of James Cutler, deceased. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Exceptions to adjudication. Before BLAND, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* amongst others was (7) the decree surcharging the accountant.

*Jeff. Snyder*, of *Snyder & Zieber*, with him *Ira P. Rothermel*, for appellant.—The appellant having shown that she held the moneys and securities in dispute adversely and as gifts bestowed upon her by the testator in his lifetime, the orphans' court had no jurisdiction to go beyond the prima facie title shown by the appellant and surcharge her with the value of these gifts in adjudication of her account: Friedman's Est., 7 Pa. Dist. Rep. 517; Straley's Est., 10 York Leg. Rec. 204; Fretz's App., 4 W. & S. 433; Curran's Est., 9 Pa. C. C. Rep. 514; Webb's Est., 32 Pa. C. C. Rep. 182; Eisenmann's Est., 12 Pa. Dist. Rep. 322; Hirsh's Est., 9 Del. Co. 593; Odd Fellows S. Bank's App., 123 Pa. 356; Tyson's Est., 191 Pa. 218; Wendt's Est., 14 Pa. Superior Ct. 644; Coleman's Est., 193 Pa. 605.

*Cyrus G. Derr*, with him *Stephen M. Meredith*, for appellees, cited as to the jurisdiction of the court below: Brittain v. Kinnaird, 5 Eng. Com. Law, 725; United States v. Sanders, 27 Fed. Cases, 950.

Opinion by Mr. Justice Stewart, June 22, 1909:

For some years before his death the testator, James Cutler, by reason of the infirmities of age, was unequal to the active management of his estate. He intrusted the control of his business to his son, J. Howard Cutler, and committed to him the safe-keeping of his securities. Upon the death of the son, the latter's executors turned over to the appellant the securities belonging to the testator, aggregating upwards of $6,000, taking a receipt therefor in which the securities were specifically enumerated and described. The appellant was then a married woman and the testator made his home with her, she being his only surviving child. The will, executed before the death of the son, appointed son and daughter executors; but the former having died in the lifetime of his father appellant became sole executrix. A number of the items which she had receipted for to the executors of the son

as property belonging to her father, were omitted from the inventory she filed. A citation was issued at the instance of the children of J. Howard Cutler, deceased, calling upon the executrix to show cause why she should not be required to file an additional inventory. To this she made answer that the testator in his lifetime had parted with the securities omitted from the inventory, and prayed that the citation be dismissed. Issue being joined the matter was inquired into, but without definite result. Later on when appellant filed her account as executrix, exception was taken on the ground that she had not charged herself with these securities; and it was agreed that the evidence taken in the citation proceeding should be considered as taken under this exception. Appellant's contention was that the omitted items were her own individual property; that the money and securities involved had been given her by the testator in his lifetime; and in support of her claim she presented several written and sealed instruments transferring the property to her by way of gift. The genuineness of the signature of James Cutler to these several papers was not questioned, but their sufficiency was denied on the ground that Mr. Cutler was not mentally competent to make a valid gift at the time. And this states the issue that was tried before the auditing judge. He sustained the exceptions and decreed a surcharge to the extent of the omitted items. The appeal is from this decree. There is but a single feature of the case that calls for present consideration—had the orphans' court jurisdiction to determine the issue thus raised? Its authority is challenged by the seventh assignment of error.

It is a familiar doctrine, too familiar to call for any citation of authorities, that the orphans' court is a court of limited jurisdiction, exercising only such power as is given it by statute, expressly or by necessary implication. Except as the authority exercised by the court below in the present case can be derived from the Act of June 16, 1836, P. L. 784, it is safe to conclude that it nowhere exists; for while by subsequent legislation the jurisdiction of this court has perhaps been widened, as its power has certainly been enlarged, it is not pretended that with respect to such controversies as the

present, any change has been effected. Our inquiry involves only a consideration of the act referred to, and only so much of that as is to be found in the eighth paragraph of sec. 19, wherein it is provided that the jurisdiction of the several orphans' courts shall extend to "All cases within their respective counties wherein executors, administrators, guardians or trustees may be possessed of, or are in any way accountable for, any real or personal estate of a decedent;" with the further provision that "such jurisdiction shall be exercised under the limitations and in the manner provided by law." We need not stop to inquire into the distinction here made between property in possession of an executor and property for which the executor is accountable. The latter is the more general term and together they embrace all that was owned by the testator at the time of his death. In either case ownership by the testator at the time of his death is antecedently implied, and where such ownership can be affirmed with respect to any property, the executor is charged with accountability therefor, whether in or out of his possession, and the jurisdiction of the proper orphans' court over both is complete. It is a doctrine equally familiar that once the jurisdiction attaches the court has full power to inquire into and determine all questions standing directly in the way of a conversion and distribution of the property, that is, the property of the decedent. Stated conversely, the jurisdiction of the orphans' court is limited to the estate of which the testator died seized. With respect to such estate it has full jurisdiction; but this marks its ultimate limit. Whether a specific article of property belongs to the estate, is a question standing in limine; if it does not, the executor is not accountable therefor, and it is beyond the power of the court to control it in any way or charge liability on anyone in connection therewith. Presumably every item of property an executor has included in his inventory belongs to the estate, and for all such he must account. The inventory is an admission on his part that the property embraced in it came into his possession as the legal representative of the testator. If it be claimed that testator owned other property which either came or should have come into the hands of the accountant,

the burden is upon the party so claiming to show first of all that the omitted property was the property of the testator. Where this is denied and a claim of ownership in another is set up, may not the court inquire as to the fact in issue? Within certain limits unquestionably it may. If at testator's death the property is shown to have been in his possession, or if for any other reason it was presumptively his, a mere denial of his ownership unsupported will not oust the court of its jurisdiction, but the court may proceed with the investigation so far as to inform itself whether the denial is made in good faith and a substantial dispute exists. If the dispute be a substantial one, and the title be really involved, may the court further proceed to settle and determine the matter in dispute? Certainly no authority to do so can be found within the terms of the statute, and we think it quite as clear that it cannot be implied from anything in the act. Suppose the property to be in possession of a third party who claims to have purchased it from the testator. Such person is not under the jurisdiction of the orphans' court, and that court has no process by which his appearance before it can be compelled. Neither is the property under its jurisdiction, and it is without process to enforce its surrender. Until a common-law court, through a jury, shall have decided against the adverse claimant in an action to which he has been a party, the latter may set at defiance any order or decree of the orphans' court affecting it. The mere fact that the orphans' court would be powerless to reach any result in such case is sufficient to defeat a claim of jurisdiction by way of implication. But, it may be replied, here the executrix is in court, subject to its jurisdiction, and that this must be said as well of the property which is in her possession. True, as executrix she is in court; but as Jennie M. Stroup, individually, she is not. The orphans' court has jurisdiction over her in her representative character and over the property which she holds as executrix; but with respect to her individual rights of property she stands as clear of the power of the court as any third party. One of these rights that ought not to be questioned at this late day is the right to have her case tried by a jury; a right not subject to be defeated or

abridged by legislative enactment. "No power in our government," says Mr. Justice STRONG, in North Penna. Coal Co. v. Snowden, 42 Pa. 488, "can take from the litigant the right to have his case tried by a jury substantially in the mode and with the same effect as that which belonged to jury trials in similar cases when the constitution of 1776 was adopted." That early constitution provided that "in controversies respecting properties, and in suits between man and man, the parties have a right to a trial by jury," and the provision in all our later constitutions is that "trial by jury shall be as heretofore, and the right thereof remain inviolable." Nor can this right be taken away by implication; nothing short of an express surrender of it will be allowed to defeat a demand for its exercise: Trimble's Appeal, 6 Watts, 133. Now how stood this case? The exceptants showed that the securities for which a surcharge was asked, had been received by the accountant as the agent of the testator a year before the latter's death. Presumably the relation of principal and agent had continued, and the burden was upon the accountant to show an accounting in the lifetime of the testator. She met and overcame the presumption against her by submitting written assignments of these securities to herself, sealed and executed by the testator. The genuineness of the assignments was conceded, and their sufficiency in law to accomplish a valid transfer of the property was not questioned, except on the ground that the testator at the time he executed them was not of sufficient understanding. Such muniments of title as those upon which this accountant here rested may be overcome, and oftentimes are, but the assault upon them cannot be carried on in the orphans' court. All that court can do when a deed duly authenticated, regular upon its face, is impeached on the ground of fraud, or, as in this case, on the ground of incompetency in the maker, and the evidence in support makes out a prima facie case against the integrity of the instrument, is to send the question and the parties into that court which alone has jurisdiction to determine questions of title. We must assume that the evidence offered by the exceptants showed a substantial dispute as to the validity of the written assign-

ments. The question thus presented was a preliminary one on the determination of which the jurisdiction of the orphans' court depended. It was not a question standing in the way of distribution, for the property had not been recovered by the estate, and its ownership was in dispute. When it is said that the orphans' court has jurisdiction to decide all questions standing in the way of distribution, the reference is to property which admittedly is the property of the estate, or has been so established. Having once determined that a substantial dispute existed as to the ownership of these securities because of the testator's condition of mind when he executed the assignments produced, the court should have at once directed an issue to the common pleas as it is empowered to do by the Act of March 29, 1832, P. L. 190. A verdict upon the issue would have.been more than advisory; unreversed, it would have been conclusive. "When in the progress of an investigation like this, it becomes material to settle a doubtful fact, and an issue is made up for that purpose and tried, the verdict of the jury ought to be taken as conclusive, unless it was produced by the admission of illegal or the rejection of legal evidence:" Wills's Appeal, 22 Pa. 325. Again, it is said in Craig's Appeal, 77 Pa. 448, a case where an issue had been directed, "The order for the issue was most discreetly made. The case was one which peculiarly required the intervention of a jury of plain business men, and an investigation of the questions in dispute by them under the legal guidance of an experienced judge. There is no other form of inquiry so thorough, so unprejudiced, so accurate and so safe. The verdict was allowed to stand, and it should have controlled the decree of the orphans' court." It is quite true that a verdict in the issue adverse to this appellant would not have brought within the jurisdiction of the orphans' court the specific property which was the subject of the contention; but that court having jurisdiction over the accounts of the executor, and accepting such verdict as conclusive of the question, could have decreed a surcharge against the accountant to the extent of its value, just as in the case where property of the estate is shown to have been lost through the neglect of an accountant. Instead,

however, of directing an issue into the common pleas the judge of the orphans' court proceeded to hear and adjudge finally the rights of the parties with respect to the property in dispute. In this he was exercising a jurisdiction which did not belong to the court over which he presided. It comes to nothing that the appellant did not ask for an issue. Her title to the property was not endangered except as an issue was granted. It was not for her to ask an issue, but it was the duty of the court, once convinced that the dispute was substantial, independently of both to direct it. It may be said with much confidence that not a case is to be found in our books recognizing any contrary doctrine to that we have here asserted; certainly not one has been called to our notice that is even equivocal on the point here raised. It has never been regarded as an open question so far as concerns real estate; and no reason can be suggested why anything different should have been contemplated with respect to personal property. Both as we have seen are placed on the same footing in the act conferring jurisdiction upon the orphans' court.

The seventh assignment of error is sustained. A consideration of the other assignments is unnecessary. The decree is reversed and the record is remitted, the case to be proceeded with in the manner indicated in this opinion.