## Allen's Estate.

*Decedent's estate—Insolvency—Transfers by decedent to executrix and legatee—Setting aside—Issue to Common Pleas.*

1. Where decedent, a short time before his death, conveyed to his executrix and residuary legatee real and personal property, and the real estate was converted into cash by the executrix, the Orphans' Court is without jurisdiction to surcharge her with the value of the personal property and cash received from the sale of the realty at the request of a creditor upon the ground that decedent, being insolvent at the time of the transfers, they were void as against creditors.

2. Under such circumstances, the court should direct an issue to the Common Pleas to determine the validity of the transfers as provided by the Act of March 29, 1832, P. L. 190, thus preserving the right of the transferee to trial by jury.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1920, No. 69.

*E. Spencer Miller*, for exceptions.

LAMORELLE, P. J., June 28, 1922.—The matter comes before the court on exceptions; one set filed by Miriam L. Farren to the auditing judge's failure to take jurisdiction to set aside a transfer of real estate and shares of stock in a building association, or at least to compel the grantee and transferee to refund to the estate the money thereafter received by her from sale of such property. This exceptant is a creditor of the estate, and her claim has been allowed by the auditing judge.

One other exception was filed by the executrix, who is also the sole legatee under the will. This exception goes to the allowance of this particular claim. It might well have been dismissed, as no affidavit was attached thereto; but we treat it as if filed by the individual legatee. No argument was made, nor was a paper-book submitted. We find no merit in it, and it is to be dismissed.

We will now consider the jurisdictional fact raised by the first set of exceptions.

Admittedly, Thomas J. Allen, a week or so prior to his death, made an absolute conveyance to his sister, Elizabeth L. McNulty, of premises No. 1900 North 11th Street, wherein he and his sister had lived for upwards of ten years prior to his death. At the same time he transferred to her certain shares of stock of a building and loan association which had lent money on a second mortgage secured upon this real estate. A will was also executed, wherein the sister was given the estate and appointed executrix. The deeds were received in evidence subject to exception. The record also shows by the admissions on the part of the sister that she afterwards sold the property, receiving from such sale $3000 in excess of the mortgages secured thereon.

The auditing judge, on the authority of Cutler's Estate, 225 Pa. 167, and of Williams's Estate, 236 Pa. 259, ruled as follows: "The transactions occurred between living parties; they involve the title to property, and the accountant is entitled to the benefit of a trial by jury. . . ."

Exceptant's contention is that such transfer within a few days prior to the date of the death of testator was a palpable attempt to deprive his creditors of a substantial part of his estate, that the testator was hopelessly insolvent at the time, and that this was in effect fraudulent, or, in the alternative, that the grantee took title for the purpose of facilitating a sale under some arrangement or understanding by which the proceeds of the property, when the same should be sold, should be used for the payment of debts.

Exceptant relies, in the main, upon authorities hereinafter referred to.

In Fink's Estate, 77 Pa. Superior Ct. 267, these were the facts: The husband was the executor, and at the time of the audit he claimed that certain

property was his and not his wife's. The testimony went to show that at the time of her death the property in dispute, being cash, articles of furniture and livestock, was in the possession and control of the wife. Judge Head, who wrote the opinion for the court, after stating that the decree wherein the lower court took jurisdiction was in no way out of harmony with the decision in Cutler's Estate, 225 Pa. 167, said: "But in a case like the one before us, where the decedent was in actual physical possession of personal property at the time of her death, the law relates that possession to the title and ownership of the property, and the burden is upon him who claims that the ownership is in another to support his claim by the preponderance of the evidence."

In Marsteller's Estate, 76 Pa. Superior Ct. 377, the facts were as follows: Notes were given by John Y. C. Marsteller to his father, and the father, in turn, assigned them to a bank as additional collateral for obligations which the bank at the time held. After the father's death, some adjustment was made with the bank, and these notes, on which judgment had been obtained, were reassigned to the executors, one of whom was John Y. C. Marsteller. Thereafter a legatee sought by citation to compel the executors to file a supplemental account. The executors contended that the Orphans' Court was without jurisdiction, as these notes formed no part of the estate, and that they were, therefore, entitled to the benefit of a jury trial. The lower court, which supported this view, was reversed, and Judge Trexler, speaking for the court, distinguished between the facts and those in Cutler's Estate, 225 Pa. 167, and Cooper's Estate, 263 Pa. 37. In the course of the opinion it is said, at page 380: "When the judgments against J. Y. Cowhick Marsteller were reassigned to the executors, *prima facie,* they were due and owing and assets in the hands of the executors. They were an acknowledgment of indebtedness under seal. That they had been deposited as collateral did not divest the title of the decedent, except to the extent required for the pledge, and when that was canceled his title was clear. Any one interested in the estate had a right to have the matter determined. If the maker gave the notes as an accommodation, that may be a defence to the notes, but it does not vest title in him. The Orphans' Court has exclusive jurisdiction pertaining to the settlement and distribution of decedent's estates, including the claims of creditors, next of kin and legatees: Linsenbigler v. Gourley, 56 Pa. 166."

Turning now to Cutler's Estate, 225 Pa. 167, we find that therein there was a real dispute and a real contest. The daughter of testatrix was executrix. In her father's lifetime, as his agent, she had received sundry securities, receipting for the same as agent. As executrix, she filed no account of these various investments, and it was sought to surcharge her. Sustaining her title, she offered in evidence deeds of transfer, and other parties in interest contended that, at the time of the alleged execution of these papers, the father was mentally incompetent. She was in possession as an individual, not as an executrix. The lower court took 'jurisdiction, and Mr. Justice Stewart, in an illuminating opinion, reversed. It was further held that it was the duty of the Orphans' Court in the circumstances, without the request of either party, to direct an issue for trial by jury in the Court of Common Pleas, and that no duty devolved upon the executrix to ask for such issue.

There is obviously a distinction, although it may be narrow.

Counsel for the exceptant earnestly contends that there is no question of fact at issue; that a transfer of property by a debtor, where his creditors are seriously affected, is in effect invalid, and that this court has the power, in the first instance, so to declare, and then to surcharge accordingly.

1 D. & C.

We cannot concur in this view; and, while the question is close, we find no reversible error in the action of the auditing judge.

A bill in equity may be maintained by a fiduciary to set aside a conveyance in fraud of creditors: Trust Co. v. Pugh, 241 Pa. 124; and it would seem to follow that where the grantee has resold the realty and has received the proceeds from such sale, an action at common law will lie. It necessarily follows that where the fiduciary, in this case the executrix, is the grantee and defendant, such suit may be brought in her name as executrix, or by the creditor herself.

While a fraudulent conveyance may be a nullity, it does not follow that the Orphans' Court may so determine, or, on the other hand, treat the conveyance as invalid, and, therefore, hold that the proceeds are technically in the hands of the accountant, where, as in the present case, she is executrix as well as grantee. We would have to so hold to bring this case within the rulings of the Superior Court, as above set forth.

All exceptions are dismissed, and as we all agree that the auditing judge should have awarded an issue, as is required by the ruling in Cutler's Estate, 225 Pa. 167, the record is remitted to him for that purpose.