## Criss's Estate.

*Wills—Legacy—Specific legacy—Recovery from executor—Acts of June 7, 1917.*

1. The Fiduciaries Act of June 7, 1917, § 24, P. L. 447, and the Orphans' Court Act of June 7, 1917, § 9 (*j*), P. L. 363, give the Orphans' Court exclusive jurisdiction where a legatee seeks to recover his legacy from the executor, but this cannot be extended to cover cases arising between a legatee and a stranger to the estate.

2. Where a ring specifically bequeathed is not included in the inventory or charged in the executor's account, but is claimed by testator's widow as her own property, and the legatee permits a final settlement of the estate without asserting his claim to the ring, he is not entitled thereafter to a citation on the widow to show cause why the ring should not be turned over to him.

Petition for citation. O. C. Washington Co., Nov. T., 1923, No. 72.

*Joseph F. McFarland*, for petitioner.

*Elmer C. Bown* and *Donnan & Miller*, for respondent.

CRUMRINE, P. J., Feb. 11, 1924.—On the court's own motion, this case was set down for argument on the preliminary question of jurisdiction in the Orphans' Court under the facts averred by the petition for citation.

The petitioner, Coulter W. Steeb, prays for a citation on Elizabeth N. Criss, widow of James T. Criss, deceased, to show cause why a certain diamond ring, bequeathed to the petitioner by the will of the said James T. Criss, should not be delivered to the petitioner.

It also appears that the Colonial Trust Company of Pittsburgh was the executor of the will of James T. Criss, but that said executor never took pos-

Criss's Estate.

session of the ring in question, the same being claimed by the respondent, widow of James T. Criss.

The executor duly settled its account, which was confirmed *nisi* on Nov. 19, 1923. No exceptions were filed to the account or adjudication, nor was any appeal taken from the final decree of distribution.

So far as the record shows, the petitioner never made any claim for this ring at any stage of the administration or audit.

The ring is now in the possession of the widow, Elizabeth N. Criss, under a claim of title.

The sole question before us now is whether, under these facts, the Orphans' Court has jurisdiction to award the citation prayed for.

Section 24 of the Fiduciaries Act of June 7, 1917, P. L. 447, is as follows: "The remedy for the collection or enforcement of payment or delivery of all legacies, whether pecuniary, specific, or otherwise, and whether charged on land or not, shall hereafter be exclusively in the Orphans' Court, saving the jurisdiction of other courts in actions which may be pending at the time of the approval of this act."

To the same effect is section 9 *(j)* of the Orphans' Court Act of June 7, 1917, P. L. 363, and sub-section *(l)* of the same act gives the Orphans' Court jurisdiction in "All cases within their respective counties wherein executors, administrators, guardians or trustees may be possessed of, or are in any way accountable for, any real or personal estate of the decedent."

The position taken by the petitioner seems to be that (1) he is a legatee under the will of James T. Criss; that (2) legacies are recoverable exclusively in the Orphans' Court, under the sections quoted above, and, therefore, (3) the Orphans' Court has jurisdiction.

But the only ground on which he can possibly claim assistance from this court is that he is a legatee, and seeks to recover the subject-matter of the legacy. Neither he nor the respondent is the executor, nor in court. The subject-matter of the legacy is not in court. One stranger to the estate is seeking to obtain from another stranger an object of value which was bequeathed by the will of James T. Criss, and this court is asked to try the question of title between them. Clearly, we have no jurisdiction so to do.

Section 24 of the Fiduciaries Act of 1917, quoted above, was never intended to oust the jurisdiction of the common law courts in every case where one of the contending parties claims title under a will.

In their report, the commission says as to this section (24):

"Note.—This is a new section. To all intents and purposes, the remedy for the collection of legacies is now entirely in the Orphans' Court, actions at law for the purpose having fallen into disuse. The payment of legacies in general being essentially a part of the distribution of estates in the Orphans' Court, and that court having, under existing laws, full power to enforce the payment of legacies charged on land, it would seem proper to abolish proceedings in the Court of Common Pleas.

"The commissioners, therefore, suggest the repeal of sections 50, 52, 53, 54, 55 and 56 of the Act of 1834, 1 Purd. 1134, 1135. Those sections were derived in part from the Act of March 21, 1772, 1 Sm. Laws, 383."

These sections of the Act of Feb. 24, 1834, P. L. 83, simply made the common law actions of debt, detinue, account render and case available for a legatee against executors "having in their hands sufficient assets to pay all the just debts of the testator and the legacies by him bequeathed," and fixed the procedure. But, as stated by the commission, these remedies had fallen

into disuse, and the legislature properly placed the jurisdiction in the Orphans' Court, where it logically belonged, by repealing these various sections referred to above, and enacting section 24 to supply them.

Under this 24th section, the legatee's remedy against the executor to enforce payment or delivery of his legacy is exclusively in the Orphans' Court, but it certainly cannot be extended to cover cases arising between the legatee and strangers to the estate.

Section 9 (*l*) of the Orphans' Court Act of June 7, 1917, P. L. 363, quoted above, and on which the petitioner also relies, is not new legislation, but is a *verbatim* re-enactment of section 19, sub-section VIII, of the Act of June 16, 1836, P. L. 792 (3 Purd., 3368). The cases decided under this section of the Act of 1836 are, therefore, applicable to the case at bar.

Cutler's Estate, 225 Pa. 167, is, perhaps, the leading case in Pennsylvania on the question of the Orphans' Court jurisdiction for the recovery of legacies. In that case the testator, prior to his death, had turned over to his daughter certain securities. This daughter was appointed executrix of the will. She did not include the securities in her inventory, but claimed them as her own by the gift of her father, the testator. She also failed to charge herself with them in her account, and exceptions were filed, which resulted in a surcharge to the amount of the omitted securities. From this surcharge the daughter appealed. The Supreme Court reversed the decree in a comprehensive opinion by Mr. Justice Stewart, who said, *inter alia:* "Suppose the property to be in possession of a third party, who claims to have purchased it from the testator. Such person is not under the jurisdiction of the Orphans' Court, and that court has no process by which his appearance before it can be compelled. Neither is the property under its jurisdiction, and it is without process to enforce its surrender. Until a common law court, through a jury, shall have decided against the adverse claimant in an action to which he has been a party, the latter may set at defiance any order or decree of the Orphans' Court affecting it. The mere fact that the Orphans' Court would be powerless to reach any result in such case is sufficient to defeat a claim of jurisdiction by way of implication. But, it may be replied, here the executrix is in court, subject to its jurisdiction, and that this must be said as well of the property which is in her possession. True, as executrix she is in court, but as Jennie M. Stroup, individually, she is not. The Orphans' Court has jurisdiction over her in her representative character, and over the property which she holds as executrix; but with respect to her individual rights of property she stands as clear of the power of the court as any third party. One of these rights, that ought not to be questioned at this late day, is the right to have her case tried by a jury; a right not subject to be defeated or abridged by legislative enactment:" Williams's Estate, 236 Pa. 259, and Wyant's Estate, 33 York Leg. Record, 208, are also in point.

In the case at bar, the executor is not even a party to the proceeding, and the ring which was the subject-matter of the legacy in question was never made a part of the estate by being included in the inventory which, *prima facie*, fixes the extent and value of the personal estate: Stewart's Appeal, 110 Pa. 410; Hawkins' Orphans' Court Principles and Practice, 184.

Furthermore, it appears from the record of the audit that the petitioner had notice of the filing of the account and of the audit, but did not take any steps to bring this ring into the estate or appear at the audit to make claim therefor. As a consequence, the final decree of distribution has been made, costs paid and the estate settled. The petition discloses no reason for the

petitioner's silence up to the present time, nor avers any facts which would entitle us to treat the petition as one for review.

And now, Feb. 11, 1924, this case having been argued by counsel on the preliminary question of jurisdiction, after due consideration, it is ordered and decreed that the petition be dismissed, and the citation prayed for disallowed, the petitioner being directed to pay the costs.

From Harry D. Hamilton, Washington, Pa.