## McCreery's Estate.

*Robbin B. Wolf*, for accountant; *Horace F. Baker*, for claimant.

MILLER, P. J., Jan. 9, 1929.—The question is as to the ownership of three bonds found among the securities in the safe-deposit box jointly held by the claimant and her mother, the decedent.

The parties interested are the claimant, Emilie McCreery, her brother, J. Rodgers McCreery, executor of decedent's will, and a sister, Eliza L. Strong, all *sui juris*.

They have submitted statements sworn to, which they request shall be taken as their testimony touching the matter in controversy, from which statements the court is asked to find the fact as to the title to or ownership of the bonds in question.

From these statements the following facts are found:

On or about May 6, 1921, the claimant, Emilie McCreery, purchased two $1000 Gulf Oil Corporation 7 per cent. bonds and one Aluminum Company bond, for which she paid by her check drawn on her own separate account in the Real Estate Savings and Trust Company. These were purchased through the Mellon National Bank and delivered to her. Later, on or about Dec. 8, 1922, the claimant exchanged the said two Gulf Oil Corporation bonds through the Mellon National Bank for two $1000 Gulf Oil Corporation bonds bearing 5 per cent., and respectively numbered 21348 and 21349. On Jan. 30, 1925, she purchased through the Mellon National Bank one $1000 Gulf Oil Corporation 5 per cent. bond and paid for the same out of her own funds, by her own ·check drawn on said Real Estate Savings and Trust Company. This bond was also delivered to the claimant and is numbered 3482. During the time of the purchases by the claimant of the three Gulf Oil Corporation bonds above referred to the decedent had purchased for her own account certain other Gulf Oil Corporation and other bonds, and paid for the same out of her own separate checking account in the Real Estate Savings and Trust Company.

The claimant and her mother, the decedent, resided together for upwards of twenty years in their then well-known residence, No. 940 North Lincoln Avenue, North Side. The claimant assisted her mother in many ways during this long period in the management and care of her business and property, both real estate and investment securities, and acted for her in many instances. The total amount of the decedent's estate is in the neighborhood of $300,000; as stated in a brief, claimant's separate estate was about $20,000.

The claimant and the decedent, as co-lessees, had a joint safe-deposit box for years prior to the decedent's death, which box was in the Real Estate Savings and Trust Company of Allegheny, and in which were deposited the securities owned by each of them, and being the same box which held the securities of the decedent at her death, including the three bonds referred to; these three bonds were in the packet of securities held by the decedent. After the death of the decedent, this box was opened and the securities therein taken possession of by the executor, and contained, *inter alia*, seven $1000 Gulf Oil Corporation bonds, the three bonds claimed by the daughter being a part of the said seven bonds.

During the entire period of this joint residence and joint ownership of said safe-deposit box, the claimant, acting as decedent's bookkeeper, kept the latter's records and accounts, was interested in the decedent's financial dealings, and had access to her securities as deposited in said joint box.

In the decedent's income tax returns for 1925 and 1926, the said seven Gulf Oil Corporation bonds were included as owned by the decedent, the list being furnished to the brother by the claimant, and upon which the tax paid by the decedent was calculated.

In the lifetime of the decedent, to wit, in the winter of 1926 and 1927, she furnished her son with an inventory of her securities, showing her ownership of the seven Gulf Oil Corporation bonds, including the bonds here in question. This list was prepared by the decedent with the assistance of her daughter, Mrs. Strong, and is in the handwriting of the latter.

After the death of the decedent, the executor, accompanied by a trust officer of the Peoples Savings and Trust Company, in the presence of the claimant, opened the box in question, which box contained several packages of papers and securities, and when the same was opened, the claimant designated and claimed one package as hers, and removed it from the box without examination by any one, and at the time she stated that the other packages belonged to her mother. The claimant did not at that time make claim for the three bonds in question as they were called off by the trust officer, and compared the list so called off with the list retained by her.

The coupons of the said Gulf Oil Corporation bonds, during the period here in question, were paid on ownership certificates of the decedent, and the coupons on the said three bonds were not paid to the claimant nor collected by her. A month or so after these securities had been allocated and the ones then claimed by the claimant delivered to her and the rest to the respondent as executor, the claimant made known her title to and ownership of the three bonds in question, alleging that they were in the mother's package by mistake and error; that, owing to the deposit of these securities in the various packages in the deposit box, and the handling of these securities by her for herself and for her mother and by her mother personally, the identification of these three bonds was not recalled by her at the time of the division, and that later she discovered that the said three bonds which she claims as her own were in the package of securities held by the decedent and so delivered to the executor.

A memorandum, Exhibit A, shows that in 1922 claimant's list of securities contained, *inter alia,* two Gulf Oil Corporation bonds No. 21348 and No. 21349. This memorandum has recently been found; no transfer, assignment, exchange or gift from the claimant to her mother is shown or alleged.

There is no question of jurisdiction raised; it must be apparent, under the fact of possession or custody in the fiduciary, that the law is that the court in which the jurisdiction lies is here to determine the ownership or title to an asset in dispute; when the estate or property is claimed by another and is in the possession of the claimant, or when the asset is in the hands of a third party and is not actually or impliedly in the control of the fiduciary, then the jurisdiction is in the Common Pleas; otherwise, it is in the Orphans' Court: Cutler's Estate, 225 Pa. 167; Williams's Estate, 236 Pa. 259; Myers's Estate, 238 Pa. 195.

There is no question of veracity between the parties; it is not denied that the claimant, out of her own funds, paid for and became the owner of the three bonds in question, and there is no evidence that she parted with the title or ownership thereof by gift, contract or otherwise to her mother or to any one else.

We then have the question of the fact of claimant's purchase of the bonds, delivery to her, and payment out of her own funds, coupled with no sale or gift or transfer to any one else, against the inference sought to be established that, because these bonds were found in the mother's package in the joint box, coupled with payments of coupons to and taxes paid by the mother, and apparent acquiescence when the securities were allocated as between the claimant and the executor, the absolute ownership and title must be found in the mother.

The fact of payment and delivery to the claimant, coupled with the fact of no sale, assignment or gift by her to her mother, must prevail over any inference of sale, gift or transfer. The mistake the claimant made, in not having these bonds in her own package, is easily understood; she had access to all her own bonds and securities, as well as those of her mother; this access to the joint box was frequently for the purpose of collecting coupons or interest or other necessities; she was sometimes alone, otherwise with her mother, and sometimes the mother was alone, when such access was had; the return of various securities, whether her own or her mother's, to the box was more important than their separation; as these bonds were not registered, the Gulf Oil Corporation could not know who possessed the coupons for collection, and the fact that her own bonds were included in furnishing a basis for tax returns cannot destroy her ownership, in view of her representing her mother in the management of the mother's affairs.

It is manifest that this claimant and her mother lived in close, personal intimacy; they did not deal with each other at arm's length; access to this box by both, or either of them, judging from the fact that many valuable papers and securities were there, may have been very frequent; they made many changes of investments; they may have agreed that claimant's coupons might be collected by the mother in settlement of minor personal dealings between themselves; but the fact remains that these bonds were purchased by claimant with her own money, are in existence now, and no evidence is shown that she ever, directly or by inference, gave or assigned them to her mother.

Nothing but competent evidence of gift, sale or other muniment of title in the mother can deprive the claimant of her right, and these bonds must be decreed to her.

It may be that the claimant was negligent in not more closely keeping track of her securities in the arrangement thereof in the packets contained in the common box; yet such negligence, if any, does not close the doors for relief, if the position of the other party has not been changed in consequence thereof: Bispham's Equity, 293, citing Greenfield's Estate, 14 Pa. 489; Pennsylvania R. R. Co. *v.* Shay, 82 Pa. 198. It is not suggested nor intimated that the rights of the other parties have been injured by this mistake.

### *Decree.*

And now, Jan. 9, 1929, this matter came on to be heard upon agreed statements in the nature of testimony, which are accepted as facts, and, upon due consideration thereof, it is ordered, adjudged and decreed that the three bonds in question of the Gulf Oil Corporation, No. 21398, 21349 and 3482, shall be delivered to the claimant.     From William J. Aiken, Pittsburgh, Pa.