## Kubitza's Estate.

*Joseph Gross,* for exceptions; *William M. Boenning,* contra.

THOMPSON, J., April 5, 1929.—The decedent, John Kubitza (also known as John Kubica), died Dec. 7, 1926, intestate, leaving a wife and children. At the audit of his administratrix's account in December, 1928, a dispute arose as to the ownership of a fund of $366.47, which the administratrix did not include in her inventory or in her account, but which counsel for the administratrix stated had been handed to him that morning in court, and he asked that the accountant be surcharged therewith, there being two rival claimants for said fund, one the Nicetown Mutual Loan and Savings Association and the other Ideal Plan, Inc.

As we are of the opinion that we have no jurisdiction to determine the merits of the claims of the respective claimants, it is necessary to state the facts as revealed by the testimony, which we will do chronologically as follows:

1. On or about Aug. 22, 1924, the decedent borrowed from the Broad and Erie Building and Loan Association the sum of $3400, giving as security therefor a mortgage of that date, recorded Sept. 4, 1924, in Mortgage Book J. M. H., No. 3972, page 510, upon premises Nos. 3439-41-43 North Tenth Street, Philadelphia, and also assigned to said association as additional security seventeen shares of the stock of said association. This association had each borrowing stockholder sign a book in which the assignment was set forth, which read, in part, as follows:

"Appropriating the payments which have been made or which may be made upon said stock. . . . That all the money heretofore paid or hereafter to be paid by us respectively unto said association upon such shares of stock shall be taken and considered as being appropriated as payments on and in liquidation of said loans upon shares of stock as evidenced by the aforesaid bonds and mortgages."

On April 1, 1927, proceedings were started by the Broad and Erie Building and Loan Association to foreclose said mortgage, with the result that on May 9, 1927, judgment was entered against the defendant, the decedent herein, and damages assessed at $3683.69, without deducting the value of the stock which the decedent had assigned to the association, and the property sold by the sheriff on the first Monday of June, 1927, for the sum of $4000. When the Broad and Erie Building and Loan Association made settlement with the sheriff, after deducting the costs of sale and other charges, they received a sum less than the amount which was due them. Thereupon the building association deducted the balance due them from the value of the seventeen shares of stock which had been assigned to them, and the amount in dispute, to wit, $366.47, is the surplus remaining in the hands of the building association after their claim had been paid in full from the proceeds of the sale of the real estate and the value of the seventeen shares of stock assigned to them.

2. On Jan. 31, 1925, the Nicetown Mutual Loan and Savings Association entered a judgment against the decedent for $150, as of C. P. No. 1, March Term, 1925, No. 12578, upon which judgment damages were assessed May 6, 1927, in the sum of $338.25. The Nicetown Mutual Loan and Savings Association also entered a judgment against the decedent on May 2, 1925, as of C. P. No. 1, March Term, 1925, No. 12582, in the sum of $300. These two judgments were next in lien to the mortgage referred to in the preceding paragraph.

3. By assignment dated June 25, 1926, the decedent assigned to Ideal Plan, Inc., "all his right, title and interest to his shares of the capital stock of Broad and Erie Building and Loan Association, now standing in his name on the books of the Association, subject only to a prior transfer thereof to said Broad and Erie Building and Loan Association as security for mortgage loan of ($3400.00) Thirty-four Hundred Dollars, secured on premises Nos. 3439-41-43 N. 10th Street, Philadelphia, Pa." Notice of this assignment was given to the Broad and Erie Building and Loan Association before the sheriff's sale referred to in paragraph one.

4. If the Broad and Erie Building and Loan Association in their assessment of damages in the above foreclosure of mortgage had credited defendant with the value of his stock, the amount of the judgment would necessarily have been reduced, and this would have resulted in there being a balance in the hands of the sheriff after the payment of the claim of the building association, which balance would have been distributable to the Nicetown Mutual Loan and Savings Association, the judgment creditor next in lien to the building and loan association mortgage.

5. The Auditing Judge acceded to the request of the administratrix for a surcharge, and surcharged her with the above-mentioned sum of $366.47, and awarded the same to the Nicetown Mutual Loan and Savings Association, to which action exceptions have been filed by Ideal Plan, Inc., and the same are now before us.

From the above, it clearly appears that the sum in controversy, to wit, $366.47, was not part of the decedent's estate at the time of his death, in that the decedent, in June, 1926, six months prior to his death, had assigned the same to Ideal Plan, Inc., by an assignment absolute on its face, the *bona fides* of which has not been questioned.

If authority is needed for the conclusion herein reached that we have no jurisdiction to determine as between rival claimants, neither of whom is the estate of the decedent, the ownership of the above-mentioned fund of $366.47, reference is made to Williams's Estate, 236 Pa. 259, and particularly Cutler's Estate, 225 Pa. 167, therein referred to, in which it was said (page 269): "The Orphans' Court is a court of limited jurisdiction, exercising only such power as is given it by statute, expressly or by necessary implication. . . . The jurisdiction of the Orphans' Court is limited to the estate of which the testator died seized. With respect to such estate, it has full jurisdiction; but this marks its ultimate limit. Whether a specific article of property belongs to the estate is a question standing *in limine;* if it does not, the executor is not accountable therefor, and it is beyond the power of the court to control it in any way or charge liability on any one in connection therewith. . . ."

The sum in dispute, to wit, $366.47, is hereby stricken from the adjudication, the awards of the Auditing Judge in respect thereto are set aside, and all exceptions relating to the action of the Auditing Judge in respect to said sum are dismissed.

The adjudication as herein modified is confirmed absolutely.

VAN DUSEN, J., dissenting.—As I understand Williams's Estate, 236 Pa. 259, jurisdiction in the Orphans' Court may arise out of ostensible ownership by the decedent at his death—saving the right of adverse claimants to a jury trial.

At the death of the decedent, the assignment of the building association stock had not been served on the association, and the sheriff's sale had not turned land into money. There existed a right, apparently that of the decedent, to have the stock applied to his mortgage, and if it was not, to have it paid to him. On this right fasten the liens of the junior judgment creditor, and of the assignee, who later produced his assignment. The genuineness of the assignment was disputed. If there is jurisdiction of the subject-matter by reason of apparent ownership in the decedent, it is not ousted by the fact that one of the claimants, who sought the judgment of the court and asked no jury trial, sets up an adverse ownership in himself.

STEARNE, J., did not sit.