## McGovern's Estate.

Argued April 29, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

W. *Horace Hepburn, Jr.,* for appellant.

*Daniel B. Nodler,* with him *Abraham J. Levinson,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 26, 1936:

Prior to the death of Owen McGovern, Sr., a bank account of $13,700 standing in his name was withdrawn on a signed order. The money was delivered to Alice E. Henes, appellant, who was then his mistress, the mother of four children by him, and with whom he lived until he died. Appellee, administrator of his estate, filed a petition in the orphans' court against appellant, who has no connection whatever with the estate, averring Mrs. Henes had obtained this money fraudulently, and praying she be restrained from converting it to her own use. Appellant, claiming that she came into possession of the sum as a gift from decedent, stated she had but $6,000 left, the rest having been used, as counsel explained, for the maintenance of the children. The orphans' court ordered her to pay the $6,000 into court, and on her compliance, an issue was certified to the common pleas for the determination of the rights of appellant and appellee to the fund of $6,000. We affirmed a verdict and judgment for appellee in an appeal to this court: *Henes v. McGovern,* 317 Pa. 302. In that case the question of jurisdiction was not raised or discussed. We decided the issues on the factual situations of the trial.

Thereafter appellee petitioned the orphans' court to order appellant to pay to the estate the additional sum of $7,700, representing the balance of the amount claimed to have been fraudulently obtained by her. Appellant's answer, averring that the fund was no longer in her hands and that she was destitute, challenged the jurisdiction of the court to make the order prayed for. From the order granting appellee's petition, this appeal is taken.

While the orphans' court possesses extensive powers to assist a decedent's personal representative to acquire control of property rightfully belonging to the estate, these powers may only be invoked within the restricted jurisdiction of the court, which is entirely of statutory origin. *Mains' Estate,* 322 Pa. 243. It is only within this peculiar and limited sphere that it may exercise the powers of equity to enforce obedience to its decrees. *Mains' Estate, supra; Willard's Appeal,* 65 Pa. 265.

The effect of the order appealed from is to force appellant, who is neither an executor nor administrator appointed by the court, and is a stranger to its administration, to pay to the estate of this decedent a sum of money which, it appears, was never in the possession or control of appellee as administrator, nor in the possession of the decedent at his death. It is held by appellant under a claim of right. Such an order, with its implication of contempt and imprisonment for failure to comply, was beyond the jurisdiction of the Orphans' Court.

Appellee contends that if decedent had *a right* to "ownership" of the fund, the orphans' court had jurisdiction to order appellant to pay, regardless of the controversial nature of the right, and regardless of whether or not the money was in the actual possession of the decedent at the time of his death, or of appellee at any time thereafter. In support of this contention he cites numerous cases, placing particular reliance upon *Odd Fellows S. Bank's Appeal,* 123 Pa. 356; *Marshall's Estate,* 138 Pa. 285; *Cutler's Estate,* 225 Pa. 167, and *Williams' Estate,* 236 Pa. 259, which we will discuss.

These cases, considered with reference to their precise holdings, do not support appellee's contention. In each of them, with the exception of *Cutler's Estate, supra,* it was held that the orphans' court may assume jurisdiction to compel a third party to restore property to the estate of a decedent where it was, at one time, *in the hands of the administrator or executor,* or in *the posses-*

*sion of the decedent at the time of his death.* There it was specific property as distinguished from money or debts due, and it was within the immediate and exclusive control of the orphans' court at the time of its removal. Jurisdiction over the property was clearly established, and the court could pursue it into the hands of third persons, without compelling the representative of the decedent to seek the aid of other courts.

Thus in *Odd Fellows S. Bank's Appeal, supra,* certain securities belonging to the estate of a decedent had been assigned by an executor to third parties. Upon petition of an heir, the assignees were cited to deliver the property to the estate. In *Marshall's Estate, supra,* the executor pledged shares of stock which he held in his fiduciary capacity, as security for his personal debt. The pledgee was ordered to return the certificates. *Williams' Estate, supra,* held that the orphans' court had the power, upon petition of intervening creditors, to compel surrender of securities of a decedent, which had once been in the possession of the executrix by whom they had been transferred to herself and other persons.

In *Watts's Estate,* 158 Pa. 1, an attorney who had collected purchase money for an administrator was ordered to deliver it to the estate. He acquired the property, and held it, as agent for the administrator; the land sold had been in the possession of the decedent at the time of his death, and the court further had jurisdiction over the attorney upon his bond as surety for the fiduciary. Nevertheless, so strict is the rule, that two judges dissented on the ground that the orphans' court had no authority to make such an order against one not officially connected with the administration, because the actual purchase money had never been in the hands of the court or the administrator himself.

Where the property was never in the control of the orphans' court, no jurisdiction over it or its possessor can be asserted if the latter holds under a claim of right, asserts ownership, and is not a fiduciary: *Marshall's*

*Estate, supra,* at 291; *Delbert's Appeal (No. 2),* 83 Pa. 468; *Schnepf's Estate,* 48 Pa. Superior 580. Under these circumstances the personal representative must seek his remedy by action at law or in equity. *Cutler's Estate* is sometimes cited as authority for the exercise of such power by the orphans' court even though the property has never been in the hands of the court or its representatives, provided that, where a preliminary hearing discloses a dispute as to title, that issue be first certified to the court of common pleas. See *Williams's Estate, supra; Cooper's Estate,* 263 Pa. 37. These cases cannot be carried to the extent contended for by appellant. We have no case which holds that where money or property was not possessed by a decedent at the time of his death or subsequently by his representative, and where possession is in, and title is claimed by, another who is in no way connected with the administration of the estate, the orphans' court has jurisdiction to determine the fact of ownership or title or to try any of the issues dependent thereon.

In *Cutler's Estate, supra,* the securities were in the possession of the executrix of the estate, who claimed them as her own, and had acquired them prior to decedent's death. Thus, the party whose rights were affected was *an appointed representative of the court,* over whom it had personal jurisdiction in her fiduciary capacity, though it had none over her as an individual. Even there we held the orphans' court should certify the issue of title to a jury as she could not be deprived of her right to a jury trial on the question of the ownership of the securities.

In the present case the court had no jurisdiction over the person of appellant, nor had the fund which it has ordered her to pay ever been in its control. Such a situation is not within the rule of *Cutler's Estate,* and the court below clearly had no jurisdiction to entertain this petition.

The order directs appellant to pay a sum certain of money to appellee. It is well settled that the orphans'

court cannot determine the validity of a disputed debt to an estate. See *Appeal of the Harrisburg National Bank*, 84 Pa. 380. In that case, Justice SHARSWOOD said: "It may be very clear that under the laws of Pennsylvania this fund belongs to the administrator. If so, it is simply a debt due to the estate. . . . In the settlement of the administrator's account, they certainly could decide that this was an asset of the estate which the administrator ought to have collected, and if he had negligently lost it, could surcharge him with that amount. But surely they could not cite the debtor and enter a decree or judgment against him. That would be to draw into that court the trial and determination of all claims by decedent's estates against third persons." See also *Hober's Estate*, 118 Pa. Superior Ct. 209.

Appellee's contention that the verdict of the jury in the court of common pleas, and the judgment thereon, determined the ownership of the entire fund cannot be sustained. The issue, as framed by the orphans' court in its precept, was strictly limited to that portion of the fund which had been paid into court by appellant, namely $6,000. While there was evidence before the jury that the entire fund was acquired by appellant in one transaction, their decision was rigidly confined by the precept to the $6,000 fund, and is determinative of title only as to that portion of the whole. The jury was so charged, and, indeed, the court of common pleas, has no power to disturb or alter the issue framed by the orphans' court and certified to it: *Dotts v. Fetzer*, 9 Pa. 88 (precept from old Register's Court); *Yardley v. Cuthbertson*, 108 Pa. 395. As to the balance, appellant is entitled to present any defense she may have before a jury. It may be that at the trial appellant may produce evidence that the fund was given for the support of the children which she bore to him. Whatever the result may be, she is entitled to a trial in a court of competent jurisdiction.

The order of the court below is reversed at appellee's cost.