## Sims' Estate

Before Van Dusen, Stearne, Sinkler, Klein, and Bok, JJ., and Marx, P. J., twenty-third judicial district.

*Harry C. Liebman,* for exceptant.
*A. Harry Levitan,* contra.

STEARNE, J., February 26, 1937.—Accountant, surviving husband of decedent, was surcharged with the value of a diamond ring, for which he had not accounted. There exist findings of fact, supported by the testimony, that the ring, of a certain value, was in the possession of decedent at the time of her death. This circumstance confers jurisdiction upon the orphans' court: McGovern's Estate, 322 Pa. 379.

Counsel for accountant at the audit, as well as at a deferred hearing, stated to the auditing judge that the husband claimed the ring under an alleged inter vivos gift. The record discloses that no testimony was submitted, at either hearing, in support of such claim. But statement of counsel or pleading alone is insufficient to establish a "substantial dispute". Proofs must be submitted: Byer's Estate, 10 D. & C. 721. But counsel for accountant appeals to the discretion of the court for a third hearing in order that the husband may submit his proof. The reason assigned in the verbal argument, and in his brief, is that counsel was under the impression that the auditing judge regarded the question as one over which the orphans' court possessed no jurisdiction, and that under Cutler's Estate, 225 Pa. 167, he proposed to award an issue to the common pleas court. He submits this reason for his failure to offer evidence and now, as a matter of grace, asks to be allowed to present such evidence. We have reviewed this record with care and find nothing therein which suggests that the auditing judge intended forthwith to grant an issue. Since we cannot go outside the record consideration upon this ground must be rejected.

The exceptions are dismissed and the adjudication is confirmed absolutely.