## Musser's Account

*Arnold & Bricker,* for accountant.

*George T. Hambright,* for exceptants.

CHARLES, P. J., July 16, 1940.—The first and final account of Martin S. Musser, trustee, was filed in the Office of the Register of Wills of Lancaster County, May 20, 1939.

This account was advertised for audit June 19, 1939, and the audit has been continued from time to time at request of counsel for accountant and exceptant. Exceptions were filed to the account by Martha H. Nissly, one of the settlors, June 16, 1939. The audit is open on the minute book of this court.

The question of jurisdiction has arisen in the mind of this court, and we doubt if any decree entered by us could be enforced.

The niceties of the filing of accounts in this court have been lost sight of since the establishment of a separate

orphans' court in this county. The older members of this bar will remember the necessity of filing administration accounts with the register and trust accounts, both of appointed and testamentary trustees and guardians, with the clerk of the orphans' court, the certifying of administration accounts by the register to the orphans' court, the advertisements by both officials, the confirmation by the common pleas judges sitting in the orphans' court, appointment of auditors in contested cases, and other methodical, technical practice.

Since the establishment of the separate orphans' court, and the passing on of the careful practitioner of the "old school", the "present-day" dispatch of business has caused the practice of accounting in this court to become slovenly and careless.

The acts of assembly controlling the filing of accounts which come before this court for audit are:

Register of Wills Act of June 7, 1917, P. L. 415:

"Section 3. Every register qualified to act as aforesaid shall have jurisdiction, within the county for which he shall have been elected or appointed, of the probate of wills and testamentary papers, of the granting of letters testamentary and of administration, of the passing and filing of the accounts of executors and administrators, and of any other matter whereof the jurisdiction may be at any time expressly annexed to his said office . . ."

Fiduciaries Act of June 7, 1917, P. L. 447, sec. 46(*g*):

"All trustees who are subject to the jurisdiction of the orphans' court shall file their accounts in the court appointing them, or, in the case of testamentary trustees, in the orphans' court of the county where the will is or shall be probated. The orphans' court shall have exclusive jurisdiction of the accounts of all trustees appointed by such court, and of all testamentary trustees, whether such trusts are vested in executors or administrators virtute officii or in trustees in the will . . ."

The remaining subsections of this section and sections 47 and 48 relate to the procedure in this court, the trans-

mittal of administration accounts by the register to this court for audit.

The irregularity of filing the present account with the register of wills instead of with the orphans' court is a minor defect, as the account was properly advertised for audit by the clerk of the orphans' court: Leslie's Appeal, 63 Pa. 355.

The major defect is whether this court has jurisdiction of this type of accounts.

The jurisdiction of this court is limited, "exercising only such power as is given it by statute, expressly or by necessary implication": Cutler's Estate, 225 Pa. 167, 169.

The Act of June 26, 1931, P. L. 1384, added to the Orphans' Court Act of June 7, 1917, P. L. 363, the following powers:

"(*n*) The control, removal, discharge, and settlement of accounts of trustees of trusts inter vivos . . .".

Its jurisdiction is set forth in section 9 of the said Orphans' Court Act of 1917: over guardians, testamentary trustees and appointed trustees over funds arising out of decedents' estates; trustees durante absentia, executors and administrators; distribution of decedents' estates; real estate of decedents; payment of legacies, discharge of liens; appeals from register of wills; and the added trusts inter vivos and life insurance trusts. But we cannot find any jurisdiction over trusts for the benefit of creditors.

As we understand, the settlors assigned the crops and the implements on certain farms to the trustee to farm the farms and out of the profits pay certain creditors. The present accounting covers three farming years, from 1936 to 1939. There are three deeds of trust, all of which recite that the settlors are indebted to the Union National Mount Joy Bank, Elizabethtown Trust Company, and others, and assign to the trustee growing crops, implements and stock owned by one or both of them on farms

owned by one or both of them, he to farm the farms and pay the specified creditors and distribute the profits, and return to the settlors the chattels.

We decline to audit and adjudicate this accounting, as we believe it is an assignment for the benefit of creditors under the Act of June 4, 1901, P. L. 404, the jurisdiction over which is entirely in the court of common pleas. The trust does not lie within the special field of the orphans' court: Leinenbach's Petition, 24 D. & C. 443.

And now, July 16, 1940, the first and final account of Martin S. Musser, trustee for use of Union National Mount Joy Bank, Elizabethtown Trust Company, and Ricedorf & Nissly, under deeds of trust of Charles A. Ricedorf and Martha N. Nissly, partners, trading as Ricedorf & Nissly, is certified to the Court of Common Pleas of Lancaster County for audit and adjudication.