## DiPaola Estate.

Argued September 25, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Linn Voorhees Phillips,* with him *Anthony Cavalcante,* for appellant.

*J. K. Spurgeon,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, October 31, 1944:

Appellant cited the administrator of a decedent's estate to deliver to her all of decedent's personal property claimed as a gift from the intestate *causa mortis.* Upon answer, replication and hearing, it was decided by the court below that the appellant, and the administrator, and the alleged sole next of kin, had entered into a binding written agreement two days after the death, whereby the decedent's estate was to be divided among the parties to the agreement as therein specified. We need not recite the details of this litigation. It will suffice to say that the hearing judge found, as a fact, .

that there was no fraud, accident or mistake in the execution of such agreement. There was ample evidence to sustain such finding. At the time of the signing of the agreement, all the personal property was, and still is, in the possession of the administrator, except one diamond ring which is now in the appellant's possession. In the absence of fraud, accident or mistake the written and sealed agreement of persons of full age and under no legal disabilities may not be disregarded. The appellant has, by the execution of the agreement, precluded herself from the relief which she seeks. The petition was properly dismissed.

It is also clear that this is not the appropriate proceeding in which to distribute a decedent's estate. The estate having passed into the hands of the law for distribution, all claimants, whether as next of kin, creditors or otherwise, must appear at the audit of the account of the administrator. It is at the audit, and only then, after compliance with the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS section 321, and its supplements, that all interested parties are actually or constructively before the court. While it has been asserted that one of the persons who executed the agreement is the sole next of kin, nevertheless, that fact has not yet been judicially determined. Presently unascertained next of kin, if existent, would be entitled to object to any distribution contrary to the intestate laws. Any such determination, as that asked for by petitioner, without legal notice to creditors or such interested parties, would be without legal effect.

We cannot pass upon the title to the diamond ring. It was not in the possession of decedent at the time of his death. Whether it was constructively so, or whether there had been a valid gift *inter vivos* or *causa mortis,* are mixed questions of fact and law. If a substantial dispute is found to exist between the administrator and a person not next of kin as to the ownership of property, the Orphans' Court may have no jurisdiction over the

subject matter. It may be necessary for an issue to be granted to be tried by a jury, or the fiduciary may be required to proceed at law for the recovery of the property: *Cutler's Estate,* 225 Pa. 167, 73 A. 1111; *McGovern's Estate,* 322 Pa. 379, 186 A. 89; *Keyser's Estate,* 329 Pa. 514, 198 A. 125. See also *Elliott Estate,* 113 Pa. Superior Ct. 350, 173 A. 880.

The dismissal of the petition is affirmed; costs to be paid by appellant.