## LaMar Estate

*Carl F. Mogel,* for guardian.
*Alan S. Readinger,* for exceptor.

MUTH, *P. J.,* January 5, 1977 — On June 9, 1976,[*] we ordered and directed that the transfer of certain shares of Investors Stock Fund, Inc. and Investors Mutual, Inc. to a joint account with Mark F. LaMar and Emma Ruth LaMar, an incompetent person, be cancelled and set aside. We further ordered and directed the said Mark F. LaMar to secure the transfer of the said shares to Emma Ruth LaMar and to deliver the proper certificates therefor unto Mildred H. Arner, guardian of Emma Ruth LaMar.

Exceptions to our order have been filed on behalf of Mark F. LaMar, challenging the jurisdiction of this court. It is contended that the orphans' court is without jurisdiction of a matter which occurred prior to the declaration of incompetency of the said Emma Ruth LaMar. It appears that the act complained of occurred June 4, 1975, and Emma Ruth LaMar was declared to be an incompetent person on December 18, 1975. The question, therefore, is one of jurisdiction.

The orphans' court is a court of limited jurisdiction. It exercises only such power as is conferred upon it by statute, expressly or by necessary implication: Mains's Estate, 322 Pa. 243, 185 Atl. 222 (1936); Watson's Estate, 314 Pa. 179, 170 Atl. 254 (1934); Cutter's Estate, 286 Pa. 505, 134 Atl. 489 (1926); Cutler's Estate, 225 Pa. 167, 73 Atl. 1111 (1909). See also Freihofer Estate, 405 Pa. 165, 174 A.2d 282 (1961).

The Orphans' Court Act of August 10, 1951, P.L. 1163 (co. 263), as amended by the Act of July 11,

---

[*] 68 Berks 171.

170

1957, P.L. 791 (No. 376), in defining the jurisdiction of the orphans' court, provides:

"Sec. 301. The orphans' court shall have exclusive juridiction of:

"(1) Decedents' Estates. The administration and distribution of the real and personal property of decedents' estates.

". . . (4.1) Incompetents' Estates. The administration and distribution of the real and personal property of the estates of incompetents . . ."

It is to be noted that the legislature used precisely the same language in defining the jurisdiction of the court with reference to the estates of incompetents as it did with respect to decedents' estates.

In Webb Estate, 391 Pa. 584, 138 A.2d 435 (1958), Mr. Justice Jones said at page 586:

"Prior to the Orphans' Court Act of 1951, the jurisdiction of the Orphans' Court to adjudicate the title to personalty depended on whether the personalty was, actually or presumptively, in decedent's possession at the time of death, or thereafter came into the possession of his personal representative: Starz Estate, 353 Pa. 612, 46 A.2d 486; DiPaola Estate, 350 Pa. 408, 39 A.2d 519; Brown's Estate, 343 Pa. 230, 22 A.2d 821; Crisswell's Estate, 334 Pa. 266, 5 A.2d 577; Keyser's Estate, 329 Pa. 514, 198 A. 125; McGovern's Estate, 322 Pa. 379, 186 A. 89; William's Estate, 236 Pa. 259, 84 A. 848; Cutler's Estate, 225 Pa. 167, 73 A. 1111; Balok Estate, 151 Pa. Superior Ct. 592, 30 A.2d 664; 7 U. of Pitt. L. Rev. 163; 47 Dick. L. Rev. 1."

To the same effect is section 711 of Probate, Estates and Fiduciaries Act of 1972, as amended.

## ORDER

And now, January 5, 1977, our order of June 9, 1976, pertaining to Mark F. LaMar, is rescinded and set aside; all other portions of our said order to remain in full force and effect.