## DeAngelus Estate

*John J. Maffei* and *Richard R. Ransom,* for administratrix.

*James C. Buckley* and *Jerome B. Apfel,* for claimant.

VAN RODEN, P. J., July 13, 1965.—In the above-entitled matter, the first and final account of the administratrix was duly filed and ultimately presented for audit of this court on December 6, 1962.

On July 3, 1963, the adjudication of the account was entered by the court, and the same was confirmed nisi

on said date. Said adjudication contained an award to Dr. Harry E. Bacon in the sum of $1,000, which was alleged to be the amount owing to the said Dr. Harry E. Bacon for professional services rendered decedent in his lifetime.

Thereafter, a number of controversies took place regarding an application to file objections to the adjudication after expiration of the time for so doing, etc. After refusal by this court, and after numerous hearings, conferences, arguments, etc. the administratrix filed a petition to open the adjudication of the account filed in this estate, solely with respect to the award of the sum of $1,000 to the said Dr. Harry E. Bacon.

Thereupon, a motion was filed on behalf of Dr. Harry E. Bacon to dismiss the petition filed by the administratrix as above recited. This motion was denied by an order entered May 26, 1965; and by reason of certain facts, which might be presented to the court, having an important bearing upon the propriety of the award of $1,000, referred to above, the prayer to open the adjudication for the sole purpose aforesaid was granted, and a hearing thereon was held by the court on June 28, 1965.

At the hearing on June 28, 1965, a writing entitled "Mutual General Release" between Mrs. Camille De-Angelus, widow of decedent and administratrix and beneficiary in this estate, and Dr. Harry E. Bacon, was received in evidence, with the consent of all parties.

By the terms of this release, Dr. Bacon discontinued his claim for compensation to be paid out of the estate of the present decedent, and Mrs. DeAngelus released her claim against Dr. Bacon.

A summary of the matter presently before the court is that a writing was signed by Dr. Bacon releasing the administratrix from the payment by her of his claim for the sum of $1,000 as it appears in the ad-

judication, and the administratrix released Dr. Bacon from all liability claimed against him as compensation for alleged damages she, or the estate, suffered by certain damaging action on the part of Dr. Bacon.

It would appear that the contention of counsel for Dr. Bacon is that the appropriate forum to interpret the action of Dr. Bacon, in attempting to repudiate his part of the release agreement, would be an action in another legal tribunal. His position appears to be that this court has no jurisdiction to rule upon the action of Dr. Bacon in attempting to disavow his signed agreement to withdraw his claim to the sum of $1,000 awarded to him by the adjudication, while it is admitted that the administratrix has actually performed her action in releasing Dr. Bacon of her claim against him.

Generally, our Supreme Court has held that the orphans' court has jurisdiction to inquire into, and, by custom and experience, is exceptionally well qualified to determine claims of creditors, legatees, devisees, and next of kin, as well as all questions involving distribution, and there is no necessity to resort to any other court or to any other proceedings: Snyder Estate, 368 Pa. 393, 84 A. 2d 318.

In the matter of Way Estate, 379 Pa. 421, Justice Stearne said, at page 423:

"The pivotal question is whether or not the Orphans' Court has jurisdiction to determine the validity of a written agreement executed by two sole beneficiaries under separate wills. In settlement and compromise the parties agreed and stipulated the proportions in which decedent's estate should be *distributed*. One of them subsequently repudiated the agreement alleging that she had been induced to execute the document through fraud and misrepresentation. The court below found against such allegation. The appellant contends that the Orphans' Court does not possess

jurisdiction to decide this question since the litigation is between *two living persons* and that the issue must be relegated to the court of common pleas. This contention is contrary to specific enactment of the Legislature and numerous decisions of this and the Superior Court".

Again, in the matter of DiPaola Estate, 350 Pa. 408, Justice Stearne said, at page 410:

"In the absence of fraud, accident or mistake the written and sealed agreement of persons of full age and under no legal disabilities may not be disregarded. The appellant has, by the execution of the agreement, precluded herself from the relief which she seeks. The petition was properly dismissed. . . .

"The estate having passed into the hands of the law for distribution, all claimants, whether as next of kin, creditors or otherwise, must appear at the audit of the account of the administrator. It is at the audit, and only then, after compliance with the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §321, and its supplements, that all interested parties are actually or constructively before the court".

In the present matter, we are only concerned with property which has come under the jurisdiction of this court for distribution, and we are of the opinion that it is clearly within the power of this court to determine the value of the contract between the administratrix of an estate and a creditor, wherein the creditor agrees to discontinue his claim for services in return for the promise of the personal representative not to press the claim of the estate against him for the breach of contract for services and other causes.

In Slagle's Estate, 335 Pa. 552 (1939), our Supreme Court said, in reference to Tyson v. Rittenhouse, 186 Pa. 137, at page 558:

" 'No matter of settlement or touching the administration of an estate can be drawn within the power of

the common pleas . . . The orphans' court, in a proceeding to distribute an estate among legatees, next of kin and heirs, has ample power to inquire into and determine all questions standing directly in the way of a distribution to these parties.'

"It is clear, then, that the orphans' court's grasp of property which it is administering cannot be loosened by proceedings in the common pleas".

There is also a pertinent and interesting opinion in the Bucks County matter of Rieffel v. Darlington, 18 D. & C. 2d 74, wherein it was held that "A court of common pleas, sitting in equity, is without jurisdiction to adjudicate and enforce a family settlement providing for the distribution of the estate of a decedent, since section 301 of the Orphans' Court Act of August 10, 1951, . . . vests exclusive jurisdiction over the administration and distribution of decedents' estates in the orphans' court and thereby provides an adequate remedy at law".

At page 78, the court said: ". . . the defendant is also correct that the within proceedings in equity will not lie because of the adequacy of plaintiffs' remedy at law, in this case through the procedures available in orphans' court. Absolutely no legally recognizable reason exists for the unnecessary duplication of proceedings".

After careful consideration of the admitted facts in the issue presently before us, we are obliged to hold that Dr. Bacon released absolutely and completely his claim for the said sum of $1,000, which was inadvertently awarded to him in the adjudication and, therefore, is not entitled to receive said award.

## ORDER

AND NOW, to wit, July 13, 1965, for the reasons set forth, it is hereby ordered, adjudged and decreed:

1. The adjudication, dated July 3, 1963, be and the same is hereby amended by eliminating the fourth

paragraph on the third and last page thereof, and expunged from the said adjudication;

2. And further, in lieu of said deleted paragraph, there shall be inserted, to wit:

"As a result of the written instrument admittedly signed and executed by Dr. Harry E. Bacon wherein he withdrew his claim against the said Estate of Julius DeAngelus for a consideration agreeable to himself, the said Dr. Harry E. Bacon is not entitled to receive any award in the distribution of any assets of this Estate".

3. In all other respects the said adjudication, dated July 3, 1963, shall remain in full force and effect.

### FINAL ORDER AND DECREE

On July 13, 1965, this court filed an opinion and order in the above-entitled matter, reciting the controversy involving a claim of one Dr. Harry E. Bacon against the estate of decedent as therein described. This court held, in said opinion, that Dr. Bacon had released absolutely and completely his claim for the sum of $1,000, which was inadvertently awarded to him in the original adjudication.

Accordingly, a final order dated July 13, 1965, was made, by which the adjudication dated July 3, 1963, was amended, which eliminated a portion of the fourth paragraph thereof, and in lieu thereof provided a substitute paragraph therefor.

Thereupon, on July 26, 1965, exceptions were filed on behalf of Dr. Bacon, claiming error by the court in amending the adjudication of July 3, 1963, by eliminating the fourth paragraph on the third and last page thereof, and by expunging the same from the said adjudication.

Argument in open court by counsel for the parties was held on September 30, 1965, and briefs were submitted.

The court has given very careful consideration of the able arguments and briefs of counsel. As a result thereof, the court is of the opinion that the opinion and order filed July 21, 1965, shall be sustained for the reasons set forth in the opinion attached to the said order; therefore, the exceptions to the adjudication as amended, which have been filed on behalf of Dr. Harry E. Bacon, be and the same are hereby dismissed; the adjudication as finally amended as above set forth shall remain in full force and effect.

An exception is hereby granted to the exceptant, Harry E. Bacon.

DONE this seventh day of October, 1965.